UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK A. CANNAVAN,<br>Plaintiff,<br>v.<br>NEWSOM, *et al.*<br>Defendants. | No. 1:26-cv-06046-EPG<br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE<br>ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br>ORDER DENYING PLAINTIFF'S REQUEST TO EXCEED PAGE LIMIT<br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION AS DUPLICATIVE<br>(ECF No. 1)<br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff Patrick A. Cannavan is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C 1983. (ECF Nos. 1 and 8). Plaintiff filed the complaint commencing this action on July 31, 2026. (ECF No. 1). Plaintiff's complaint puts forth a variety of allegations all stemming from a July 16, 2026, involving his wheelchair equipment being removed. (*See* ECF No. 1).

The Plaintiff's complaint is now before the Court for screening and upon review of the complaint and Plaintiff's other actions pending within the Eastern District of California, the Court recommends this action be dismissed as duplicative.

\\\

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Additionally, as Plaintiff is proceeding *in forma pauperis*, the Court screens this complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff filed his complaint commencing this action on July 31, 2026. (ECF No. 1) In his complaint, Plaintiff names four defendants: (1) Governor Gavin Newsom; (2) CDCR Division of Adult Services; (3) Secretary of CDCR Jeff Macomber; and (4) Correctional Officer Lt. Montano. (*Id.* at 2-3). Correctional Officer Lt. Montano is sued in his individual capacity, and all other defendants are sued in their official capacity. (*Id.*).

In his complaint, Plaintiff presents claims pursuant to a list of constitutional amendments, federal laws and statutes, and miscellaneous legal cases and theories. (*Id.* at 3-4). The complaint is difficult to decipher, in that, Plaintiff goes from presenting his allegations and claims, to various cases and theories or policies that he purports support his claims. It appears Plaintiff states the incidents giving rise to his claims occurred from February 9, 2023, through July 14, 2026, at the Substance Abuse Treatment Facility ("SATF") in Corcoran, California. (*Id.* at 5). However, the incident that Plaintiff describes occurred on July 16, 2026. (*Id.*).

On that day, Plaintiff states "each named person actively colluded when Lamas[1] took wheelchair leg supports off [Plaintiff's] wheelchair," in violation of the institution's policy that durable medical equipment ("DME") shall not be taken by staff. (*Id.*). Plaintiff alleges he was

[1] Lamas is not a listed defendant.

coerced into using the wheelchair with missing safety parts, rendering it inoperable. Plaintiff claims his feet got caught in the wheels and flipped the wheelchair, causing Plaintiff to be ejected three or four feet into the air onto the black top. Plaintiff was sent to the E.R. and received MRI/CT and X-rays. (*Id.*). Plaintiff states he requested his DMEs be returned but his request denied. (*Id.*).

Plaintiff seeks "implementation of legal training to create gainful employment," $836,000 in punitive damages, and "mental damages" estimated at $4, 104,000, as well as other damages. (*Id.* at 5).

Also with his complaint, Plaintiff provides a list of his pending cases in federal court. Plaintiff also provides the claims made in some (or all) of those cases as well as his purported support for those claims. (*Id*. at 12-22).

## III. DUPLICATIVE ACTION[2]:

### a. *Cannavan v. Newsom, et al.*, Case No. 1:26-cv-05670-FJS

On July 20, 2026, Plaintiff filed a complaint commencing the action *Cannavan v. Newsom*, et al., Case No. 1:26-cv-05670-FJS ("*Cannavan I").* (ECF No. 1). In the *Cannavan I* complaint Plaintiff names the following defendants: (1) Governor Gavin Newsom; (2) CDCR Division of Adult Services; (3) Jeff Macomber; and (4) A. Lamas. (*Id.* at 2-3).

The complaint is nearly identical to the complaint in the instant action, except Plaintiff has replaced Defendant A. Lamas with Lt. Montano. Defendant A. Lamas is also sued in his individual capacity and all other defendants are sued in their official capacity. Additionally, the complaint in the instant action, including all attachments, is 33 pages in length. However, this is because Plaintiff attached his Request to Exceed Page Limits in the instant action's complaint (ECF No. 1 at 33), while in *Cannavan I,* Plaintiff filed a separate document. (*See Cannavan I* docket at ECF No. 3).

Plaintiff again provides a list of constitutional amendments, federal laws and statues, and

[2] The court further notes that Plaintiff filed nearly twenty other cases in the last week that may also be duplicative of *Cannavan I*. *See, e.g.*, Case Nos. 1:26-cv-05903-SAB; 1:26-cv-06027-CDB; 1:26-cv-06029-BAM; 1:26-cv-06033-BAM; 1:26-cv-06034-EPG; 1:26-cv-06035-FJS; 1:26-cv-06038-SAB; 1:26-cv-06041-EGC; 1:26-cv-06042-SAB; 1:26-cv-06044-SAB; 1:26-cv-06045-BAM; 1:26-cv-06048-FJS; 1:26-cv-06049-CDB; 1:26-cv-06051-FJS; 1:26-cv-06152-EGC; 1:26-cv-06165-HBK.

case law and theories. The only factual allegations presented by Plaintiff relate to the July 16, 2026, incident where Plaintiff alleges that Defendant Lamas removed the wheelchair leg supports from his wheelchair, causing Plaintiff's feet to be caught in the wheels, flipping the wheelchair, ejecting Plaintiff, and sending Plaintiff to the emergency room for treatment of his injuries. Plaintiff seeks identical relief. (*Id.* at 5).

**b. Legal Standard**

Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See, e.g.*, *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). A complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under § 1915. *Cato*, 70 F.3d at 1105 n.2; *Bailey*, 846 F.2d at 1021. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 692–93 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

"[I]n assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams*, 487 F.3d at 689 (citations omitted). "Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Id.* at 688 (internal quotations and citations omitted). That plaintiff was denied leave to amend does not give plaintiff the right to file a second, duplicative lawsuit. If the causes of action and relief sought are the same and involve the same parties or their privies, the duplicative lawsuit may be dismissed with prejudice. *Adams*, 487 F.3d at 688.

**c. Analysis**

Based on review of the complaint filed in the instant action, as well as the complaint in *Cannavan I*, the Court believes the instant action is duplicative.

The allegations in the complaint in *Cannavan I* are identical to the allegations in the complaint filed in the instant action. Both cases name the same official-capacity defendants and

differ only in the named individual-capacity defendant. In both cases, Plaintiff alleges that on July 16, 2026, Correctional Officer Lamas removed the wheelchair leg supports from Plaintiff's wheelchair, leading to Plaintiff's feet getting caught in the wheels of his wheelchair and his subsequent injuries.

Although Plaintiff names defendant Lt. Montano, rather than A. Lamas, in this action, Plaintiff does not include any factual allegations regarding defendant Lt. Montano in the complaint. (*See* ECF No. 1). To the extent Plaintiff believes he may state a claim against defendant Lt. Montano that is also related to the July 16, 2026, wheelchair incident, Plaintiff should raise those claims in *Cannavan I*, rather than attempting to bring a separate action.

Thus, the Court finds it appropriate to recommend dismissal of this action as duplicative of *Cannavan I*. In light of this recommendation, the Court denies Plaintiff's request to exceed page limits. (ECF No. 1 at 33).

## IV. REQUEST TO APPOINT COUNSEL

With his complaint, Plaintiff includes a request for appointment of counsel, arguing that appointment of counsel is appropriate because of his claims brought forth under the Americans with Disabilities Act. (ECF No. 1 at 32).

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time, as the Court does not find the required exceptional circumstances. Even if it were assumed that Plaintiff has made

serious allegations, which if proven, would entitle him to relief, his case is not exceptional.

Moreover, the Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Considering the court's recommendation that this action be dismissed as duplicative, the court cannot find that Plaintiff's claims are likely to succeed, in this action, on the merits. Finally, based on a review of the record in this case, it appears that Plaintiff can adequately articulate his claims.

## V. CONCLUSION AND RECOMMENDATION

Based on the foregoing, it is **HEREBY ORDERED** as follows:

1. The Clerk of the Court is DIRECTED to randomly assign a district judge to this action.
2. Plaintiff's Request for Appointment of Counsel (ECF No. 1 at 32) is DENIED without prejudice.
3. Plaintiff's Request to Exceed Page Limits (ECF No. 1 at 33) is DENIED.

Furthermore, it is **HEREBY RECOMMENDED** that

4. This action be dismissed as duplicative.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Any objections shall be limited to no more than fifteen (15) pages, including exhibits. Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 5, 2026**

/s/ Eric P. Grosjean

UNITED STATES MAGISTRATE JUDGE